# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2090V

|  |  |
|---|---|
| CRAIG DAVIS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 13, 2025 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 27, 2021, Craig Davis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration resulting from an influenza vaccination he received on September 21, 2020. Petition, ECF No. 1. On October 8, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 44.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $31,455.79 (representing $30,489.70 in fees plus $966.09 in costs). Application for Attorneys' Fees and Costs ("Motion") filed October 29, 2024, ECF No. 48. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on November 4, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 49. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for attorneys Jonathan Svitak, Elizabeth Hess, and their associated paralegals are reasonable and consistent with our prior determinations and will therefore be adopted herein. For Suzanne Littell, Petitioner requests the hourly rate of $491.00 for her time billed in the 2021-24 timeframe. However, this rate requires further evaluation.

Ms. Littell filed an affidavit indicating that she was admitted to the Illinois Bar in 1996 and admitted to this Court in 2021 (ECF No. 48-5), placing her in the rage of attorneys with 20-30 years' experience based on the OSM Attorneys' Fee Schedules.[3] Ms. Littell also indicated that she worked on Vaccine Table cases during her four-month tenure with Shannon Law Group, between August 2021 – December 2021. *Id.* at 48-5. Her proposed rate falls within OSM's Fee Schedules relevant to Ms. Littell's level of experience, albeit on the higher end of the Fee Schedule ranges – despite her lack of significant experience representing Petitioners in the Vaccine Program. But prior experience with Program cases is relevant to what hourly rate an attorney should receive. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

It is therefore improper for Ms. Littell to receive rates on the higher end of the experience ranges, when those rates are established for comparably experienced counsel who *also* have lengthy experience representing Petitioners in the Program. Accordingly, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I find it reasonable to award Ms. Littell the lower rate of $440.00 for her time billed in 2021-24 timeframe. This results in a reduction of attorney's fees to be awarded of $224.40**.[4] Ms. Littell will be entitled to rate increases

---

[3] Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] This amount consists of ($491.00 - $440.00 = $51.00 x 4.40 hrs.) = $224.40.

3

in the future, however, as she demonstrates more experience representing Petitioners in the Vaccine Program.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 48-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $31,231.39 (representing $30,265.30 in fees plus $966.09 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4